Estate of Brown alias Smith    Return of Judge of Probate—    Filed in open Court May 7, 1828

To the Honorable the Judges of the Supreme Court of the Territory of Michigan, Sitting as a Supreme Court of Probate, in & for the said Territory.

I, Henry S. Cole, Judge of the Court of Probate, in and for the County of Wayne in said Territory, do hereby Certify to the Honorable the Judges aforesaid, that on the fifteenth day of January A D. 1827, Amariah Rawson, Administrator on the Estate of John S. Brown alias John Smith deceased, (which Estate had been theretofore represented Insolvent and Commissioners appointed for that purpose, had reported a list of the debts against said Estate, amounting to the sum of Eight hundred and seventy four dollars and ninety one cents) presented to me for examination and allowance, his first account of administration on said Estate, a copy of which is hereto annexed and marked A; That pending the examination of said account the said Administrator presented to me for allowance as aforesaid a private claim of the said administrator against said Estate, amounting to the sum of $123. (dollars), a copy of which is hereto annexed marked B, which claim being objected to by Larned & Torrey attorneys to the creditors of said Estate, was, under the provisions of the

Statute in such case adopted and provided, refered to Orente Grant and Bethuel Farrand to report the amount justly due thereon. And I do further Certify that on the day & year aforesaid the said first account of administration of the said Rawson was after due Examination allowed upon the oath of said administrator, and ordered to be filed and recorded, saving and excepting out of said allowance, the amount of the above private account. And I do further certify to the Honorable the Judges aforesaid, that on the 20ᵗʰ day of January A D. 1828, Larned & Torrey Attornies to the creditors, as aforesaid, made application to me for a citation to issue to said Rawson administrator as aforesaid, to render his further account of administration on said Estate; which application was granted, and thereupon Citation was issued, returnable on Monday the 18ᵗʰ day of February thereafter; On which day the said Citation having been returned duly served the said Amariah Rawson appeared with George A. O Keeffe Esquire his Counsel, and Larned & Torrey Esquires appeared on behalf of the creditors aforesaid. And I do further certify, that thereupon the said Rawson presented to me for Examination & allowance his final account of administration on said Estate, a copy of which is hereto annexed and marked C., together with the report of the referees aforesaid, on the private claim aforesaid of said Rawson, allowing the same at Ninety two dollars, ($92), a copy of which report is hereto annexed, and marked D. And the said Rawson by his Counsel, claimed that the said account for ninety two dollars, should be allowed the said Rawson in the allowance of his final account of administration as being for services rendered the intestate during his last sickness and therefore entitled to priority of payment: To the allowance of which claim in manner aforesaid the counsel for the creditors objected, on the ground that said account, had not accrued for services rendered in the last sickness of the deceased.

I do further certify that I proceeded to examine testimony touching the matter in issue, when it appeared that the said Brown alias Smith had, while boarding at said Rawsons in August 1826, been taken sick; that sometime during said month of August, the said Brown alias Smith, so far recovered, as in the opinion of his Physician, (one Doctor William Kitridge) enabled him to be removed; that in consequence of the sickness of a large portion of said Rawson's family, the said Brown alias Smith, was removed in a waggon to the said Doctor Kitridge's House, by him the said Kitridge, where the said Brown alias Smith remained two or three days; from whence he went to a public house kept by one Jason Cross, where he remained seven or Eight days; and from thence was carried to the house of one William Harwood, where he gradually grew worse, and after lingering one or two weeks, died: The said Rawson admitted that the deceased had previous to his removal, so far recovered from his disease as to be "quite smart."

Whereupon, after hearing the arguments of Counsel, I did order and decree that said claim of Ninety two dollars, ($92.), should be allowed on the report of the Referees, as a debt against said Estate, but that the same was not contemplated by the law as being entitled to priority of payment, and should be classed with the claims of other creditors, as allowed by the commissioners: I did further decree that the said final account of administration should be allowed, subject to the above exception, and recorded, And that an order of distribution and Quietus issue. Whereupon the said Rawson appealed from said decree, and by his Counsel aforesaid filed his claim, exhibited his reasons, and gave Bond according to statute, which was approved & filed.

HENRY S. COLE
Judge of Probate
Wayne Co.

At the instance of George A O'Keeffe Esquire counsel for the appellant, I have by way of further return, to the Honorable the Judges aforesaid, annexed the reasons of appeal filed in the Probate office by the said counsel, towit—

In the matter of John }
Smith alias John S Brown }    Reasons of appeal

That the claim of Amariah Rawson Administrator for care & attendance in last sickness, should have been allowed as entitled to preference—which on the contrary was disallowed by the Hon Henry S Cole, Judge—

That the claim of the Administrator having been referred to referees under the Statute— was therefore taken from the direction of the Judge, & the report of the Referees conclusive—

HENRY S. COLE
Judge of Probate
Wayne Co.

[The various exhibits attached to the return are omitted.]